802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD E. KELTEE, Petitioner-Appellant
v.
JOHN REES and Attorney General of Kentucky Respondents-Appellees.
 No. 85-5675.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1986.
 
 Before: KENNEDY, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner appellant, donald E. Keltee, appeals the grant of summary judgment in the United States District Court for the Western District of Kentucky in favor of respondents-appellees, which denied petitioner habeas corpus relief. For the reasons that follow, we affirm the district court.
 
 I.
 
 2
 Petitioner sought to attack his 1979 jury conviction obtained on six counts of second-degree burglary and one count of possession of burglary tools. After being separately tried and convicted for being a persistent felony offender, petitioner was sentenced to fifteen years imprisonment. The petitioner asserted as a defense to the burglary charges that he was coerced and blackmailed into committing the burglaries by a police officer named Marksbury. The officer had apparently arrested the petitioner for a traffic offense and threatened to expose this offense to petitioner's parole officer and have him sent back to prison unless petitioner agreed to commit a series of burglaries for the officer. As it turned out, Officer Marksbury was under indictment for committing a separate burglary. Negotiations developed between petitioner and the Commonwealth of Kentucky resulting in an agreement that petitioner now claims the government breached. The agreement required the petitioner to testify for the government at Marksbury's trial in exchange for the government's promise not to use his statements made as a part of this cooperation agreement unless the petitioner's testimony at his own trial conflicted with those statements. Those statements revealed that petitioner had not asserted his defense of coercion when speaking to the first two attorneys he consulted and not until his case had been substantially investigated and prepared by the government.
 
 
 3
 At trial the petitioner did not contradict his previous admissions and admitted committing the burglaries. He also claimed that he was coerced into committing the burglaries by Officer Marksbury. Contrary to the agreement, the government proceeded on cross-examination to reveal that petitioner had not asserted his defense of coercion until late in the investigation. The defense counsel immediately moved for a mistrial, which was denied. On appeal, the state court concluded that the government had breached its agreement with the petitioner, but that the error was harmless because only physical coercion was a defense to criminal conduct in Kentucky.
 
 
 4
 In his habeas petition, petitioner argued that the breach of the agreement by the government deprived him of due process and a fair trial on the grounds that the state tricked him into admitting his guilt involuntarily in violation of fundamental constitutional rights. The district court concluded that the prosecution's violation of the agreement was harmless error. It noted that the Kentucky appellate court's ruling that in Kentucky the defense of duress or coercion must be based on fear of physical harm was binding on federal courts. Therefore, the district court reasoned, petitioner had no valid defense to the charges to which he confessed.
 
 II.
 
 5
 We agree with the reasoning and the judgment of the district court. On appeal petitioner principally argues that the prosecution's violation of the agreement deprived petitioner of a fair trial under the due process clause of the fourteenth amendment.[1] See, e.g., Santobello v. New York, 404 U.S. 257 (1971); United States v. Brown, 500 F.2d 375 (4th Cir. 1974). But the Kentucky appeals court reviewing petitioner's conviction held that in Kentucky the defense of coercion or duress requires physical harm. Petitioner does not contend physical harm was present in this case. Petitioner's defense of coercion could not have succeeded, even if the prosecutor had not violated the agreement with petitioner. The violation of the agreement was therefore harmless error.
 
 
 6
 For the reasons stated, we affirm. We have no occasion to rule on the ineffective assistance of counsel claim.
 
 
 
 [1]
 Petitioner also raises what he calls an ineffective assistance of counsel issue. He argues that the prosecution's violation of the agreement somehow deprived him of effective assistance in violation of the sixth and fourteenth amendments of the United States Constitution. He also contends without elaboration that his trial attorney was unprepared to present an effective defense and that the attorney "abandon[ed]" petitioner before the attorney perfected the appeal
 We decline to rule on the ineffective assistance issue because petitioner did not raise the issue with the district court. The parties dispute whether the petitioner exhausted this claim in the state courts. It does appear that the prosecution's violation of the agreement would not be a legitimate basis for an ineffective assistance claim. Regarding the other bases referred to above for an ineffective assistance claim, petitioner's arguments are only conclusory and unsubstantiated. For instance, petitioner makes the isolated allegation that "his trial attorney was not prepared to present his defense in the manner described in United States v. Cronic." We also note that at trial when the prosecutor asked petitioner - in violation of the agreement - if he had only invoked his duress defense when he had obtained his third attorney, petitioner's trial counsel objected only on the ground the question implied petitioner's story was untrustworthy. Tr. at 101. But the trial counsel did not allude to the agreement between the state and petitioner prohibiting the question. Petitioner does not tell us whether petitioner's allegations of ineffective assistance rely on this trial conduct or other conduct.